# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:11CR00005 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **ERMEREGILDO PEREZ BONILLA,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Roy F. Evans, Jr.*, Special Assistant United States Attorney, Abingdon, Virginia, for United States; *Ermeregildo Perez Bonilla*, Pro Se Defendant.

The defendant, proceeding pro se, has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2012). After a review of the record, I conclude that the defendant waived his right to bring such a motion as to his claims of error by the court and prosecutorial misconduct (Claims 2 and 3) and that his claim of ineffective assistance of counsel (Claim 1) is without merit. Therefore, I will grant the United States' Motion to Dismiss.

I

A grand jury of this court returned a 10-count Indictment on February 15, 2011, charging the defendant, Ermeregildo Perez Bonilla, with drug trafficking offenses. He pled guilty, pursuant to a written Plea Agreement, to two counts of

the Indictment — conspiracy to distribute 50 grams or more of methamphetamine (a lesser included offense of Count One) and distribution of methamphetamine (Count Three). In exchange for the plea, the United States agreed to dismiss the other counts of the Indictment. Under the agreement, Bonilla waived his right to appeal and his right to collaterally attack "any order issued in this matter, unless such attack is based on ineffective assistance of counsel" (Plea Agreement ¶ C(2)), and agreed to notify the court no later than sentencing of "any dissatisfaction or complaint" he had with counsel's representation, (*Id.* ¶ E(3)). The parties also stipulated to a Base Offense Level of 32 under the U.S. Sentencing Guideline Manual ("USSG").

Bonilla's Presentence Investigation Report ("PSR") found that his criminal history resulted in a total of four criminal history points, for a Criminal History Category of III. The PSR assigned Bonilla one criminal history point for a 2005 state misdemeanor sentence in Tennessee for driving under the influence, leaving the scene of an accident, and evading arrest, and one criminal history point for a 2007 state misdemeanor sentence in Virginia, for discharging a firearm in a public place.

For the Virginia offense, the state court imposed a 30-day jail term, suspended for an unspecified period. Since Bonilla could have received up to one year imprisonment for that offense, the PSR indicated that this sentence was

suspended for a default term of one year by operation of law. *See* Va. Code Ann. § 19.2-306(A) (2008) (providing that when judge does not fix period of suspension, suspended sentence may be revoked for sufficient cause occurring within maximum period for which defendant could have been imprisoned on the offense). The PSR assigned Bonilla two additional criminal history points under USSG § 4A1.1(d), because Bonilla had committed part of the federal conspiracy offense before the presumed state suspension period of one year had expired. A total of four points resulted in a Criminal History Category of III.

Over Bonilla's objection, I adopted the PSR findings that Bonilla was properly classified as having a Criminal History Category of III and a Total Offense Level of 29, giving him an advisory custody range of 108 to 135 months in prison. On August 8, 2011, I sentenced him at the low end of the range to 108 months of imprisonment. Bonilla did not appeal.

In his timely filed § 2255 motion, Bonilla alleges three grounds for relief: (1) his attorney was ineffective for promising that he would get a lesser sentence if he pleaded guilty and for allowing an illegal enhancement of his criminal history points; (2) his criminal history score was improperly enhanced; and (3) the prosecution intentionally used unauthenticated prior convictions to illegally enhance his sentence and deprive him of the benefits of the a sentence reduction

under the so-called "safety valve" provision  The United States has filed a Motion to Dismiss, and Bonilla responded, making the § 2255 motion ripe for disposition.

Bonilla has also filed a Motion to Amend and related motions. I address these motions separately in this Opinion, because I find that they do not affect my analysis of Bonilla's original § 2255 motion and the Motion to Dismiss.

II

A. Plea Agreement Waiver of § 2255 Rights.

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Whether the waiver is intelligent and voluntary depends "'upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused.'" *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). If the court concludes that the defendant's waiver of collateral-attack rights was knowing and voluntary, the defendant "cannot challenge his conviction or sentence in a § 2255 motion," unless his claims fall outside the scope of the waiver. *Lemaster*, 403 F.3d at 220. Moreover, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and

a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Id.* at 221-22.

During the plea colloquy, Bonilla indicated that he had been in the United States for seven years, had completed middle school, and could read and write English. Bonilla also affirmed that he had not taken any drugs, medicine, or alcohol that day, was not under the influence of alcohol, and did not have any current medical or mental health problems. He advised the court that he had had an adequate opportunity to discuss the Indictment and his case with counsel, he had read and signed the Plea Agreement and discussed its terms with counsel, and he was fully satisfied with counsel's representation.

Counsel for the United States summarized the provisions of the Plea Agreement, including the maximum penalties for each count. I questioned Bonilla and he affirmed his understanding of the proceedings, the charges against him, the terms of the Agreement, the rights he was waiving by pleading guilty under those terms, and the consequences of his plea. I expressly asked Bonilla about the provision waiving collateral attack rights: "Do you understand that under this plea agreement you could not at a later time try to set aside your conviction or sentence?" and Bonilla answered, "Yes, I understand." (Plea Tr. 8, May 6, 2011.)

I also questioned Bonilla about sentencing procedures: "Do you understand that under [the] sentencing guidelines there will be a range of imprisonment and

fine in your case, but that range will not be determined until later after a pre-sentence report has been completed and a sentencing hearing held?" and Bonilla answered, "Yes, sir." (*Id.* 9.) I also warned Bonilla, "Do you understand that your sentence may be different from any estimate that your lawyer may have given you?" and Bonilla answered, "Yes." (*Id.* 9-10.) Bonilla also affirmed that he was pleading guilty because he was, in fact, guilty, and did not dispute the facts the prosecutor offered in support of the plea. I asked Bonilla, "Has anyone made any promise to you other than those made in the plea agreement that cased you to want to plead guilty?" and Bonilla answered, "No." (*Id.* 8.)

The United States argues that Bonilla's Claims 1 and 2, alleging court error and prosecutorial vindictiveness, are waived under the Plea Agreement waiver of collateral attack rights. I agree. Bonilla's statements during the guilty plea colloquy offered no indication that he was not competent to enter a valid guilty plea, that he did not understand the proceedings or the waiver provisions in the agreement, or that he was not voluntarily pleading guilty under all terms of that agreement. I find from this record that Bonilla's guilty plea waiver of his right to bring this collateral attack under § 2255 was knowing and voluntary and therefore, constitutes a valid bar to his pursuit of Claims 2 and 3, absent a showing of some extraordinary circumstance undermining confidence in the validity of his waiver.

B. Ineffective Assistance of Counsel.

To prove that counsel's representation was so defective as to require reversal of the conviction or sentence, a defendant must meet a two-prong standard, showing that counsel's defective performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. Second, to show prejudice, the defendant must demonstrate a "reasonable probability" that but for counsel's errors, the outcome would have been different. *Id.* at 694-95. When the defendant alleges that counsel's error led him to enter an invalid guilty plea, to show prejudice, he must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

In support of Claim 1, Bonilla asserts that counsel told him that his prior misdemeanor conviction would not count in his criminal history score and that he would get a sentence of five years or less in prison. Bonilla argues that this faulty advice prevented him from entering an informed guilty plea. Bonilla also argues that counsel's failure to investigate his prior conviction deprived him of the benefit of the "safety valve" sentencing provision and caused him to receive a longer sentence than the circumstances warranted.

I find that Bonilla's Claim 1, to the extent that it alleges ineffective assistance leading to his guilty plea, is based on assertions directly contradicted by his sworn statements during the guilty plea hearing and, thus, is so "palpably incredible" as to warrant summary dismissal. *Lemaster*, 403 F.3d at 221-22. Bonilla affirmed during the plea colloquy his understanding that his sentence could not be determined until after the PSR was prepared, that his sentence could be higher than his attorney might have estimated, and that no one had promised him anything outside the Plea Agreement's terms that caused him to plead guilty.

Because Bonilla's Claim 1 rests on allegations in direct contradiction of his plea hearing statements, the claim cannot constitute an extraordinary circumstance undermining the validity of Bonilla's plea or his plea agreement waiver of § 2255 rights. Moreover, Bonilla's Claims 2 and 3 bear no relationship to the validity of his plea or his waiver of collateral attack rights. Accordingly, I find that these claims are waived under Bonilla's valid waiver of § 2255 rights. *Id.* at 223. I will grant the Motion to Dismiss Bonilla's Claims 2 and 3 as waived. I will also grant the Motion to Dismiss as to Claim 1, to the extent that it alleges ineffective

assistance before the guilty plea, because the claim is contradictory to Bonilla's sworn statements during the plea colloquy.[1]

I find that to the extent that Claim 1 alleges ineffective assistance at sentencing, Bonilla fails to provide any factual or legal basis for the claim. The record indicates that counsel objected, in writing and orally at sentencing, to the PSR finding that Bonilla should receive two additional criminal history points because the federal offense was committed before the Virginia supervision period expired. Specifically, counsel argued the Virginia court's failure to specify a period of suspension should be interpreted (a) as indicating that "either no term of supervision was intended or 30 days of supervision was intended" or (b) as so ambiguous that the supervision term should be interpreted in the defendant's favor. (Def.'s PSR Objection No.1, ECF No. 56, at 14.)

I overruled these objections, finding that Virginia law required a default term of supervision equaling the maximum term defendant could have received for

---

[1] I also find that Bonilla's claim of ineffective assistance before the plea agreement fails under *Hill*. Even assuming without finding that counsel failed to predict the adverse effect that Bonilla's 2007 misdemeanor sentence would have on his federal penalty, Bonilla shows no reasonable probability that accurate advice on this matter would have convinced him to reject the Plea Agreement. In exchange for accepting the plea bargain in this case, Bonilla gained dismissal of eight charges, conviction of a lesser included offense to the conspiracy charge, a stipulated offense level, and a reduction for acceptance of responsibility, all of which reduced his sentence exposure. Bonilla offers no argument or evidence on which he could have won acquittal at trial. Thus, he fails to satisfy the prejudice prong under *Hill*, and his § 2255 motion must be denied as to the pre-guilty plea aspect of Claim 1.

the offense. Bonilla does not offer any fact or viable legal argument that counsel could have made to persuade me of a different outcome on the issue of his Virginia supervision period, and I find none.[2] Because Bonilla thus fails to demonstrate that counsel's representation at sentencing was either deficient or prejudicial,[3] his claims fail under this aspect of Claim 1 and must be denied as without merit.

### C. Motion to Dismiss Granted.

For the stated reasons, I will grant the Motion to Dismiss and deny relief on Bonilla's § 2255 motion. Bonilla's Claim 1 is without merit, and Claims 2 and 3 are waived by his valid, Plea Agreement waiver of his right to bring a § 2255 motion for collateral relief.

---

[2] *See, e.g., Carbaugh v. Commonwealth*, 449 S.E.2d 264, 268 (Va. Ct. App. 1994) (finding that where period of suspension was unspecified, court could revoke suspended sentence at any time "within the maximum period for which [defendant] might have been sentenced on" the underlying offense).

[3] Bonilla fails to offer any factual or legal basis for his separate assertions that counsel should have argued for no criminal history points for the Virginia conviction or for a "safety valve" sentence for Bonilla. Under USSG § 4A1.1(c), a defendant should receive one criminal history point for each prior sentence that does not meet the criteria in § 4A1.1(a) or § 4A1.1(b), up to a total of 4 points. Bonilla offers no reason that his prior Virginia suspended sentence fell outside the scope of § 4A1.1(c). Because counsel had no viable argument in fact or law for elimination of the criminal history point assigned for the sentence, counsel also had no ground on which to argue for a safety valve sentence under 18 U.S.C. § 3553(f). *See* 18 U.S.C.A. § 3553(f)(1) (West 2000) (allowing guideline sentence below statutory mandatory minimum for defendant who has no more than one criminal history point and meets other criteria).

## III

Since his response to the Motion to Dismiss, Bonilla has filed a Motion to Amend and other motions seeking a reduction of his sentence. After reviewing these motions, I conclude that these motions must all be denied.

### A. Untimely Amended § 2255 Claims.

On January 4, 2013, Bonilla moved to amend his § 2255 motion to add the following claims: (1) The court should grant defendant a downward departure under the "New Revised Fast-Track Program as set forth by the US Department of Justice on [M]arch 1, 2012" (Mot. to Amend, ECF No. 81); and (2) The court should grant the defendant an additional downward departure under USSG § 5K2.0, based on his post-conviction rehabilitation efforts. A separate document offered additional information about these claims, as well as a third claim: (3) his counsel was ineffective for failing to argue for these reductions.[4] These motions must be denied as untimely filed and without merit.

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

>    (1)  the date on which the judgment of conviction becomes final;

---

[4] This submission was also docketed as a separate motion seeking downward departure. Because Bonilla fails to offer any authority for the court to revisit his sentence on these grounds at this time, other than pursuant to § 2255, the court will consider the motion for departure only as part of Bonilla's Motion to Amend.

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f). If the defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. *Clay v. United States*, 537 U.S. 522, 524-25, 532 (2003).

A § 2255 claim raised in a motion to amend filed more than one year after the conviction becomes final is barred as untimely under 28 U.S.C.A. § 2255(f)(1), unless the claim relates back to a timely-filed claim, pursuant to Federal Rule of Civil Prpcedure 15(c). *See Mayle v. Felix*, 545 U.S. 644, 664 (2005) ("So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order.").

Bonilla's conviction became final under § 2255(f)(1) on September 5, 2011, when his opportunity to appeal expired.[5] Bonilla then had one year — until September 5, 2012 — in which to file timely § 2255 claims. His original § 2255 motion, filed in July 2012, was thus timely filed. Because Bonilla filed his amended § 2255 claims on January 4, 2013, however, these claims are untimely under § 2255(f)(1). Because the amended claims bear no relationship in fact or law to Bonilla's timely filed § 2255 claims, the new claims do not relate back and are time-barred under § 2255(f).[6]

Moreover, these claims state no ground for relief under § 2255. Bonilla's valid Plea Agreement waiver of § 2255 rights bars consideration of Amended Claims (1) and (2). *See Lemaster*, 403 F.3d at 220. His ineffective assistance allegation in Amended Claim (3) fails on the merits under both prongs of *Strickland*. Counsel did argue at sentencing that Bonilla's likely deportation and numerous other factors weighed in favor of leniency, and I imposed a sentence at

---

[5] *See* Fed. R. App. P. 4(b)(1)(A) (allowing 14 days to file notice of appeal); Fed. R. App. P. 26(a) (providing that time period ending on a weekend day or holiday concludes on next day that was not a weekend or holiday).

[6] Bonilla has not alleged facts on which his amended § 2255 claims could be deemed timely under § 2255(f)(2), based on the removal of an impediment, under § 2255(f)(3), based on rights newly recognized by the Supreme Court, or § 2255(f)(4), based on newly discovered facts concerning his case that he could not have discovered earlier with due diligence.

the bottom of his custody range. I find no reasonable probability that additional argument on the deportation issue, or evidence of Bonilla's rehabilitation efforts during incarceration, would have persuaded me to depart below the advisory guideline range. For the stated reasons, I will deny Bonilla's Motion to Amend.[7]

### B. Substantial Assistance Motion.

In a submission styled as a "MOTION FOR SUBSTANTIAL ASSISTANCE UNDER 5K1.1," Bonilla argues that the prosecutor acted in bad faith in refusing to move for reduction of his sentence based on his assistance to law enforcement (ECF No. 79). He asks the court to compel the United States to make such a motion now.

Only the government can file a "substantial assistance" motion. *United States v. Butler*, 272 F.3d 683, 686 (4th Cir. 2001).

> District courts are empowered, "[u]pon motion of the Government," to impose a sentence below the statutory minimum "to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e). Similarly, § 5K1.1 of the [USSG] permits district courts to go below the minimum required under the Guidelines "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense."

---

[7] Bonilla has also moved for appointment of counsel in this § 2255 action. Given my determination on the record that Bonilla has stated no grounds for § 2255 relief, I cannot find that "the interests of justice . . . require" appointment of counsel in the matter. *See* 18 U.S.C.A. § 3006A(a)(2)(B) (West 2000 & Supp. 2012). Accordingly, I will deny Bonilla's motion.

*Id.* (quoting § 5K1.1). These provisions give the government discretionary power, but no duty, to move for downward departure. *Wade v. United States*, 504 U.S. 181, 185 (1992). Thus, unless the defendant makes a substantial showing that the government's failure to file a substantial assistance motion was "based on an unconstitutional motive," such as racial or religious animus, or is "not rationally related to any legitimate Government end," the court cannot review the government's failure. *Id.* at 185-86.

Bonilla admits that his Plea Agreement left intact the government's discretion, by stating that "if determined that [Bonilla] had in fact cooperated fully, PROVIDED SUBSTANTIAL ASSISTANCE, and otherwise complied with the agreement, the government would file" a motion seeking reduction of his sentence under "§ 5k1.1 and 18 USC section 3553(e)." (Mot. for Substantial Assistance, ECF No. 79, at 4-5.) At sentencing, defense counsel entered into evidence a summary of the assistance Bonilla had provided to law enforcement. The prosecutor declined to make a motion for reduction, however, stating the government's finding that Bonilla's assistance did not qualify as "substantial at this point," apparently referring to Bonilla's threatening behavior that resulted in the sentence increase for obstruction of justice. (Sentencing Tr. 7-8, Aug. 8, 2011.)

I find no evidence, in Bonilla's motion or in the record, that the government's failure to bring a substantial assistance motion was unconstitutional.

Bonilla has presented no evidence of an improper motive behind the prosecutor's decision. Moreover, Bonilla's threats to the prosecutor and investigator provided a legitimate reason to refuse him the desired reduction motion. *See, e.g., Butler*, 272 F.3d at 687 (rejecting challenge to government's refusal to file substantial assistance motion, where defendant violated plea agreement by threatening codefendants). I will deny Bonilla's Motion for Substantial Assistance.

A separate Final Order will be entered herewith.

DATED: April 8, 2013

/s/ James P. Jones
United States District Judge